NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Allen Webb,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-19-02307-PHX-SRB<br><br>**ORDER** |

Petitioner, Richard Allen Webb filed his Petition for Writ of Habeas Corpus on April 9, 2019. It was signed on April 3, 2019. His state court conviction on which his Petition is based became final on April 9, 2014. The Respondents filed a limited Answer to the Petition arguing that the Petition should be denied and dismissed with prejudice because it is "untimely, noncognizable, and procedurally defaulted." (Doc. 7, Answer at 1.) The Magistrate Judge issued his Report and Recommendation on January 10, 2020 recommending that the Petition be denied and dismissed with prejudice because it is untimely, there was no statutory tolling and Petitioner failed to make any showing of extraordinary circumstances necessary for equitable tolling. The Report and Recommendation also recommended the denial of a Certificate of Appealability. Petitioner filed timely written Objections to which a Response was filed.

Petitioner's Objections primarily argue the merits of his habeas petition and never specifically address the untimeliness of his petition. It appears to the Court

that Petitioner is arguing that his Fourth Petition for Post-Conviction Relief filed in state court was based on newly discovered evidence. The claimed newly discovered evidence is the existence of a state statute that Petitioner says the state withheld from him. The state court dismissed this petition as untimely and successive. The Petition before this Court argues as its sole ground for relief this alleged concealment of the law by the state and his own attorney.

As the Magistrate Judge correctly noted in his Report and Recommendation, an untimely state court Petition for Post-Conviction Relief does not result in statutory tolling of the limitations period and the untimely Petition did not restart the limitations period that had already run. Petitioner's Objections make no argument challenging the Magistrate Judge's analysis or conclusion. The Magistrate Judge also explained why equitable tolling is unavailable because the facts of Petitioner's claim were known to him from the time he was sentenced and his new legal argument does not warrant equitable tolling. Petitioner's Objections also fail to address this conclusion. Petitioner's only argument is that a "rule of lenity" should apply to him due to his ignorance of the law. But as pointed out by the Magistrate Judge in his Report and Recommendation, lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED denying and dismissing Petitioner's untimely Petition for Writ of Habeas with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 18th day of February, 2020.

_____
Susan R. Bolton
United States District Judge